IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEIL R. STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-952 |
| ) | |
| ) | |
| NEIL R. STEPHENS PRINCIPLE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Neil R. Stephens' Motion to Proceed In Forma Pauperis filed on July 8, 2024 (Docket No. 1, hereinafter, "IFP Motion"), along with attached materials comprising his proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1-1, 1-4). Additionally, in this same action, on August 7, 2024, Plaintiff filed another Complaint and Civil Cover Sheet which, according to a Remark placed on the Docket by the Clerk of Court, was filed without a motion to proceed in forma pauperis or payment of a filing fee. (Docket No. 2 and Docket text entry). For reasons set forth herein, Plaintiff's IFP Motion will be denied without prejudice.

It is within the district court's discretion to determine whether a litigant may be granted leave to proceed in forma pauperis. *See Shahin v. Secretary of Delaware*, 532 F. App'x 123, 123 (3d Cir. 2013) (citing *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (granting of application to proceed IFP is committed to sound discretion of district court)); *Lewis v. Juniper Nursing*, Civ. Action No. 23-89, 2023 WL 359475, at *1 (W.D. Pa. Jan. 23, 2023) (Hardy, J.)

1

(exercising discretion to grant IFP status in case involving close call because, "despite having a positive monthly cash flow and some additional assets, [the plaintiff was] not an individual of great financial means, particularly considering the cost of everyday living expenses and the possibility that unforeseen expenses could quickly deplete [his] modest savings and other assets"). As the Third Circuit Court of Appeals has emphasized, "[w]hen exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). However, the district court also must be cognizant that "the purpose of the IFP statute 'is to provide an entré, not a barrier, to the indigent seeking relief in federal court.'" *Id.* (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)). Although "[a] litigant need not be 'absolutely destitute' or contribute his or her 'last dollar' in order to qualify for in forma pauperis status," *Johnson v. Rothschild*, 741 F. App'x 52, 54 (3d Cir. 2018) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)), it is important to bear in mind that "the status is a privilege rather than a right." *Shahin*, 532 F. App'x at 123 (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

After reviewing Plaintiff's IFP Motion in light of these legal principles, the Court concludes that his qualification for in forma pauperis status is unclear based on the information he has provided. In the IFP Motion, Plaintiff does not state that he is employed, nor does he list any accompanying wages. (Docket No. 1, ¶ 2). However, in response to the question whether he has received "Other Income" in the past 12 months, Plaintiff indicates that has received income from a "[b]usiness, profession, or other self-employment." (*Id.* ¶ 3). In connection with such other income, Plaintiff lists "Friends & Family" as a source of money, but he does not state the amount that he received or what he expects to receive in the future. (*Id.*). Plaintiff also indicates that he

has no money in cash or in a checking or savings account, and he responds "N/A" with regard to whether he has assets. (*Id.* ¶¶ 4, 5). Plaintiff also responds "N/A" as to whether he has any regular monthly expenses or whether any persons are dependent on him for support. (*Id.* ¶¶ 6, 7). Finally, Plaintiff does not indicate whether he has any debts or financial obligations. (*Id.* ¶ 8).

In summary, Plaintiff's IFP Motion indicates that in the last 12 months he has received income from a business, profession, or other self-employment – with friends and family as a source of money – in an undisclosed amount. He lists no cash, savings, or assets, but he also lists no monthly expenses, dependents, debts, or financial obligations. Therefore, unlike many litigants seeking in forma pauperis status, Plaintiff may have a positive monthly cash flow. Nevertheless, it is unclear whether Plaintiff's income is offset by any expenses because he has provided vague and/or incomplete responses to requests for relevant information. Consequently, the Court is unable to determine whether to exercise its discretion to grant Plaintiff leave to proceed in forma pauperis based on his IFP Motion as currently presented. However, given that Plaintiff need not be "absolutely destitute" or contribute his "last dollar" in order to qualify for in forma pauperis status, the Court will deny his IFP Motion without prejudice to him filing a supplement thereto which provides clear and complete responses to all requested information. If Plaintiff wishes to supplement his IFP Motion, he must do so by September 16, 2024. Otherwise, this case will be closed. Additionally, as Plaintiff has now filed two Complaints on the Docket in this matter, Plaintiff should clearly indicate which document he intends to function as the operative Complaint here.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 30th day of August, 2024, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is DENIED WITHOUT PREJUDICE; and,

(2) To the extent Plaintiff wishes to supplement his Motion for Leave to Proceed In Forma Pauperis as discussed herein, he must do so by **September 16, 2024**.  If Plaintiff does not file a supplement to his IFP Motion by **September 16, 2024**, the case will be closed.

(3) As Plaintiff has filed two Complaints on the Docket in this matter (Docket Nos. 1-1 and 1-4; and Docket No. 2), Plaintiff must clearly indicate which document he intends to function as the operative Complaint here.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:     Neil R. Stephens (via U.S. mail)