IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEIL R. STEPHENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-952 |
| NEIL R. STEPHENS PRINCIPLE, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

On July 8, 2024, *pro se* Plaintiff Neil R. Stephens filed a Motion to Proceed In Forma Pauperis, along with attached materials comprising his proposed Complaint, which was lodged pending disposition of the IFP Motion (the "first-filed Complaint"). (Docket Nos. 1; 1-1; 1-4). Additionally, on August 7, 2024, Plaintiff filed another Complaint which, according to a Remark placed on the Docket by the Clerk of Court, was filed without a motion to proceed in forma pauperis or payment of a filing fee (the "second-filed Complaint"). (Docket No. 2).

After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on August 30, 2024, denying the Motion without prejudice because his qualification for in forma pauperis status was unclear based on the information he provided. (Docket No. 3 at 2). To the extent Plaintiff wished to supplement his IFP Motion he was ordered to do so by September 16, 2024, or the case would be closed. (*Id.* at 4). Additionally, given that Plaintiff filed two proposed Complaints, he was ordered to clearly indicate which document he intended to function as the operative Complaint in this matter. (*Id.*). On September 6, 2024, Plaintiff filed a Supplement to his IFP motion, (Docket No. 4), but he did not specify which document he intended to function as the operative Complaint.

1

Turning to consideration of Plaintiff's IFP Motion and Supplement thereto, the Court finds that he is without sufficient funds to pay the required filing fee. Thus, Plaintiff will be granted leave to proceed in forma pauperis.

As stated, contrary to the Court's Order, Plaintiff has not identified which document is the operative Complaint in this matter. (*See* Docket No. 3 at 4). Nevertheless, given Plaintiff's *pro se* status, the Court will assess both proposed Complaints in accordance with 28 U.S.C. § 1915(e)(2)(B), which gives the Court the authority to screen and dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019). The Court also must ensure that subject matter jurisdiction exists. *See Group Against Smog and Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"); *Duglas v. Kamper*, No. 19-3010, 2019 WL 3230931, at *1 (E.D. Pa. July 17, 2019) (after granting in forma pauperis status, a court "must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction") (citing 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). As the party commencing an action in federal court, Plaintiff bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

The materials comprising Plaintiff's first-filed Complaint includes a form entitled "Complaint for Violation of Civil Rights." (Docket No. 1-1). Plaintiff did not complete the "Basis

for Jurisdiction" section of the form, nor did he complete the "Statement of Claim" alleging any facts giving rise to a purported civil rights claim. (See Docket No. 1-1 at 3, 4). The materials also include another form with the handwritten notation "Complaint for Violation of Civil Rights," which is otherwise blank, but includes the following attached documents: "Asseveration and Declaration of Status," "Asseveration and Declaration of Truth," "Amnesty Oath," "Acceptance of Oath To Office," and "Irrevocable Gift Deed." (*See* Docket No. 1-4). Overall, the materials comprising Plaintiff's first-filed Complaint do not set forth any basis for the Court's jurisdiction, nor do they allege any facts giving rise to a purported civil rights claim.[1] The Civil Cover Sheet accompanying Plaintiff's first-filed Complaint provides no clarity concerning his purported claim, as he identifies the "Nature of Suit" as both "Other Civil Rights" and "Personal Injury – Product Liability," and he specifies the federal civil statute under which he is filing the case as "name correction." (Docket No. 1-2).

Plaintiff's second-filed Complaint includes as the first page the form "Complaint for Violation of Civil Rights" with an attachment captioned in the "Superior Court of Pennsylvania in Allegheny County" and entitled "Special Pleading Petition for Legal Name Correction." (Docket No. 2). The Civil Cover Sheet accompanying Plaintiff's second-filed Complaint describes the cause of action as "name correction." (Docket No. 2-1).

Given the foregoing, the Court finds that it lacks subject matter jurisdiction over Plaintiff's purported claim. First, the Court discerns no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331, which grants a district court jurisdiction over a case "arising under the

---

[1] Pursuant to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although cognizant that Plaintiff is proceeding *pro se*, the Court nonetheless notes that his first-filed Complaint does not come close to complying with this requirement. As noted, the first-filed Complaint is devoid of any factual allegations.

3

Constitution, laws, or treaties of the United States." As stated, neither of Plaintiff's Complaints sets forth a basis for federal question jurisdiction and the mere filing of a form complaint with a reference to "violation of civil rights" does not provide a basis to confer federal question jurisdiction.

Next, diversity jurisdiction, which grants a district court jurisdiction over a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States," does not exist here. *See* 28 U.S.C. § 1332(a)(1). As set forth in the materials associated with Plaintiff's first-filed Complaint, he and the listed Defendant are both citizens of Pennsylvania. (*See* Docket No. 1-1 at 2). Furthermore, neither Complaint provides any basis to conclude that the amount in controversy exceeds $75,000.

Regardless of which Complaint Plaintiff intended to function as the operative Complaint in this matter, they both must be dismissed for lack of subject matter jurisdiction. Accordingly, the Court enters the following Order:

AND NOW, this 15th day of October, 2024, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis, (Docket No. 1), is GRANTED;

(2) Plaintiff's first-filed Complaint, (Docket Nos. 1-1 and 1-4), and his second-filed Complaint, (Docket No. 2), are DISMISSED WITH PREJUDICE; and,

(3) The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Neil R. Stephens (via U.S. mail)
3119 Landis Street
Pittsburgh, PA  15204